FILED
Jeffrey A. Apperson, Clerk
DEC 1 9 2006
U.S. DISTRICT COURT
WEST'N DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

UNITED STATES OF AMERICA                                      PLAINTIFF

v.                                        CRIMINAL NO. 4:05CR-35-M

BRUCE WAYNE EMBRY                                             DEFENDANT

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(A) and (C) of the Federal Rules of Criminal Procedure, the United States of America, by David L. Huber, United States Attorney for the Western District of Kentucky, and defendant, Bruce Wayne Embry, and his attorney, Scott T. Wendelsdorf, have agreed upon the following:

1.   Defendant acknowledges that he has been charged in the Indictment in this case with violations of Title 21, United States Code, Sections 841(a)(1) and 846, and Title 18, United States Code, Sections 922(g), 924(c)(1), and 2.

2.   Defendant has read the charges against him contained in the Indictment, and those charges have been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crimes with which he has been charged.

3.   Defendant will enter a voluntary plea of guilty to Counts 3 and 4 of the Indictment in this case. Defendant will plead guilty because he is in fact guilty of the charges. As the factual basis for the plea, defendant states that on August 15, 2005, in Daviess County, in the Western District of Kentucky, he knowingly and intentionally possessed with intent to distribute

1

approximately 2.2 grams of methamphetamine, and that during and in relation to that drug trafficking crime, he carried a firearm which had been transported in interstate commerce.

4. Defendant understands that the charges to which he will plead guilty carry a combined minimum term of imprisonment of five years, a combined maximum term of imprisonment of life, a combined maximum fine of $2,250,000, and supervised release of at least six years and up to any number of years, including life, which the Court may specify, but that if the Court accepts this plea agreement, the defendant will be sentenced to a term of imprisonment of seven years, with a term of supervised release of six years to follow. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583.

5. Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

6. Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

    A. If defendant persists in a plea of not guilty to the charges against him, he has the right to a public and speedy trial. The trial could either be a

jury trial or a trial by the judge sitting without a jury.  If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.  The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

    B.   At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant.  Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.  In turn, defendant could present witnesses and other evidence in his own behalf.  If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

    C.   At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify.  If defendant desired to do so, he could testify in his own behalf.

    7.   Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the

sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the indictment counts to which he pleads guilty.

8. Defendant understands that the United States will inform the court that restitution is not an issue in this case. The defendant further understands that he may be responsible for a fine, costs of prosecution, costs of incarceration and supervision which may be required. All financial matters are left to be addressed at sentencing.

9. Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $300 to the United States District Court Clerk's Office **by** the date of sentencing.

10. At the time of sentencing, the United States will

   -move for dismissal of Counts 1, 2, and 6 of the Indictment.

   -agree that a sentence of seven years, with six years supervised release to follow, is the appropriate disposition of this case.

11. Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The Defendant knowingly and voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his conviction and the resulting sentence pursuant to 28

U.S.C. § 2255 or otherwise, for any reason.

12. Defendant understands and agrees that complete and truthful cooperation is a material condition of this Agreement. Defendant understands that such cooperation shall be provided to any state, local, and federal law enforcement agencies designated by counsel for the United States. Cooperation will include:

    A. providing all information known to defendant regarding any criminal activity, including but not limited to the offenses described in this Agreement;

    B. complying with all reasonable instructions from the United States;

    C. submitting to interviews by investigators and attorneys at such reasonable times and places to be determined by counsel for the United States; and

    D. testifying fully and truthfully before any grand juries or at any trials or proceedings where defendant's testimony is deemed by the United States to be relevant.

13. The United States agrees that any statements made by defendant during the cooperation phase of this Agreement shall not be used against defendant in any subsequent civil or criminal prosecutions unless and until there is a determination by the United States that defendant has breached this Agreement. However, the United States will be free to use at sentencing in this case any statements and evidence provided by defendant during the cooperation phase of the Agreement.

14. Defendant agrees to submit to polygraph examinations by a polygraph examiner selected by the United States.

15. In the event the United States believes defendant has failed to fulfill any obligations under this Agreement, then the United States shall, in its discretion, have the option of being relieved of its obligations under the plea agreement. Whether or not defendant has completely fulfilled all of the obligations under this Agreement shall be determined by the United States.

16. Defendant and the United States agree that in the event the defendant has breached the Agreement:

    A.  Defendant will not be permitted to withdraw any guilty plea tendered under this Agreement and agrees not to petition for withdrawal of any guilty plea;

    B.  The United States will be free to make any recommendations to the Court regarding sentencing in this case;

    C.  Any evidence or statements made by defendant during the cooperation phase will be admissible at any trials or sentencing;

    D.  The United States will be free to bring any other charges it has against defendant.

    E.  The United States will be free to seek forfeiture of any assets not covered by this Agreement.

17. Defendant agrees to abandonment and forfeiture of any interest he or his nominees may have in the firearms described in

the Indictment and to the currency seized by the police on the date of his arrest.

18. Defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed until the cooperation phase has been completed.

19. Nothing in this Agreement shall protect defendant in any way from prosecution for any offense committed after the date of this Agreement, including perjury, false declaration, or false statement, in violation of 18 U.S.C. §§ 1621, 1623, or 1001, or obstruction of justice, in violation of 18 U.S.C. §§ 1503, 1505, or 1510, should defendant commit any of those offenses during the cooperation phase of this Agreement. Should defendant be charged with any offense alleged to have occurred after the date of this Agreement, the information and documents disclosed to the United States during the course of the cooperation could be used against defendant in any such prosecution.

20. Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, or any other public officer or agency, whether or not presently known to defendant, arising out of the investigation or prosecution of the offenses covered by this Agreement.

21. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case,

including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

22. Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations.

23. It is understood that pursuant to Fed. R. Crim. P. 11(c)(1)(C), if the Court does not accept this plea agreement and impose sentence in accordance with its terms, this agreement is null and void, neither party is bound thereby, and the defendant may withdraw his plea.

24. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors.

25. This document states the complete and only Plea Agreement between the United States Attorney for the Western District of Kentucky and defendant in this case, and is binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that is signed by all parties or on the record in Court. No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with

this plea.

AGREED:

DAVID L. HUBER
United States Attorney

By: *(signed)* Larry Fentress    12-18-06
Larry Fentress                   Date
Assistant U.S. Attorney


I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

*(signed)* Bruce Embry    12/19/06
Bruce Wayne Embry         Date
Defendant


I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

*(signed)* Scott T. Wendelsdorf    12/19/06
Scott T. Wendelsdorf               Date
Counsel for Defendant

DLH:LF:12/12/06

9